UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-518 RM |
| | ) | (Arising out of 3:08-CR-78 RM) |
| | ) | |
| KEVIN BUSH (02) | ) | |

<u>OPINION AND ORDER</u>

Kevin Bush, who had traded a gun for crack cocaine, pleaded guilty to using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Mr. Bush, a career offender, was sentenced to 180 months' imprisonment followed by three years supervised release. Mr. Bush is now before the court requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255. Mr. Bush argues that (1) the government breached the plea agreement by leading him to believe he would receive a five-year sentence and by not disclosing his cooperation to the court; and (2) his counsel was ineffective for (a) not informing him that his criminal background would be taken into consideration at sentencing and (b) not advising him that the indictment was deficient because the count he plead guilty to improperly charged two separate offenses. For the reasons that follow, the court DENIES Mr. Bush's petition (doc. # 80).

I. Discussion

Relief under § 2255 is reserved for extraordinary situations. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir. 1994), overruled on other grounds, United States v. Ceballos, 302 F.3d 679 (7th Cir. 2002). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because the motion and files and records in this case conclusively demonstrate that Mr. Bush isn't entitled to relief, the court decides this matter without an evidentiary hearing.

*A. Waiver*

Mr. Bush's plea agreement reveals that he waived his right to appeal his conviction and to contest his sentence in a § 2255 proceeding. Mr. Bush's plea agreement, signed by Mr. Bush, his attorney David Wemhoff, and Assistant United States Attorney Donald Schmid, contains the following language in paragraph 9(d):

> I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order

2

was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255[.]

(Plea Agr. ¶ 9(d)). Mr. Bush acknowledged at the plea hearing that he was waiving his right to "file any later petition for post-conviction relief or petition for habeas corpus or anything like that challenging [his] conviction or [his] sentence." (Plea Hrg. Tr., p. 13). The court further explained this waiver:

> [I]f from here on out I do anything with respect to the case that you don't agree with, or if Mr. Schmidt or anyone else from his office does anything with respect to the case that you don't think was right, or if Mr. Wemhoff in trying to represent you were to do anything with respect to the case that you didn't think was right, once I impose the sentence at that sentencing hearing, even if whatever went wrong meant your sentence turned out to be longer than it should have been . . . you won't be able to complain about whatever went wrong to this Court or any other Court.

(Plea Hrg. Tr., pp. 13-14). Mr. Bush acknowledged that he understood the waiver. (Plea Hrg. Tr., p. 14). Despite the waivers and admissions in his plea agreement, Mr. Bush asks that his sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.

Courts enforce a plea agreement's appellate and collateral attack waiver "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." Unites States v. Blinn, 490 F.3d 586, 588 (7th Cir. 2007) (citation omitted). Courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver. United States v. Jemison,

237 F.3d 911, 917 (7th Cir. 2001). "[A] careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary." United States v. Schuh, 289 F.3d 968, 975 (7th Cir. 2002).

The "right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). If the defendant can demonstrate ineffective assistance of counsel with respect to the waiver's negotiation, the waiver isn't effective against a § 2255 challenge. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). An enforceable waiver bars ineffective assistance claims relating to anything other than the plea negotiation — for example, those related to counsel's performance at sentencing. Bridgeman v. United States, 229 F.3d 589, 593 (7th Cir. 2000); *see also* Jones v. United States, 167 F.3d at 1145; Mason v. United States, 211 F.3d at 1069 (noting that a waiver of the right to file a § 2255 petition is only unenforceable if the movant establishes a claim of "ineffective assistance of counsel in connection with negotiating the agreement" or if the waiver was unknowing or involuntary).

In the plea agreement and during the plea hearing, Mr. Bush acknowledged that the possible penalties for the offense ranged from "a mandatory *minimum* of 5 years up to a *maximum* of life imprisonment." (Plea Agr. ¶ 9(c)) (emphasis added). Mr. Bush agreed "that the Court ha[d] jurisdiction and authority to impose any sentence within the statutory maximum set for [his] offense(s) as set forth in th[e] plea agreement." (Plea Agr. ¶ 9(d); *see also* Plea Hrg. Tr., p. 10 (Mr. Bush

4

acknowledged the possible penalties of the offense — five years to life)). At the plea hearing, the court explained that the judge can pick any reasonable sentence within the range Congress dictated. (Plea Hrg. Tr., pp. 10-11). The following exchange took place during the hearing:

> THE COURT: And I'm sure you're aware then that the Guidelines ordinarily will recommend a sentence of 60 months for this crime, but nobody can say for sure how I'll answer the questions, and maybe something will come up that would require -- would require the Sentencing Guidelines to recommend some different range. And if that happens, nobody would have the right to complain that I answered the questions differently than what they expected me to.
>
> Is that how you understand it?
>
> MR. BUSH: Yes, sir, Your Honor.

(Plea Hrg. Tr., pp. 11-12).

Mr. Bush acknowledged during the plea hearing that he understood the specifics of his plea agreement and confirmed that his plea was voluntary and not based on any promises outside the written plea agreement. (Plea Hrg. Tr., pp. 9-10, 12-13; *see also* Pl. Agr. ¶ 9(m) ("Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter."). After the plea colloquy, the court found that Mr. Bush was fully competent and capable of entering an informed plea and did so knowingly and voluntarily. (Plea Hrg. Tr., p. 19). Careful review of the transcript of Mr. Bush's Rule 11 hearing discloses that Mr. Bush hasn't overcome the strong presumption of verity that attaches to the statements of voluntariness and understanding that he made during that hearing.

5

*B. Government's Breach of Plea Agreement*

Although Mr. Bush waived the right to attack his sentence, he argues that the government breached the plea agreement because he was led to believe that he would serve a five-year sentence and because the government didn't inform the court about his cooperation. Mr. Bush was deemed a career offender under the guidelines and the court found that a reasonable sentence for his crime was 180 months' imprisonment. The record of the plea hearing proceedings belies Mr. Bush's claim that the government promised a sentence of five years. Similarly, although the plea agreement required Mr. Bush to cooperate with the government,[1] nothing in the agreement required the government to recommend a lower sentence for Mr. Bush's cooperation. Mr. Bush isn't asserting that he involuntarily or unknowingly entered into the plea agreement. As "[o]nly arguments that would nullify the plea itself survive," Mr. Bush's claims related to the sentencing hearing or the manner in which his sentence was determined are waived. United States v. Behrman, 235 F.3d 1049, 1052 (7th Cir. 2000). He is therefore foreclosed from arguing that the government breached the plea agreement. If any such promises were made to Mr. Bush, he should have disclosed them to the court during the plea hearing.

---

[1]The plea agreement required Mr. Bush, if requested to do so, to cooperate with the government in providing knowledge of all criminal activities and to be honest, truthful and candid in his disclosures. (Plea Agr. ¶ 9(g) and (h)). The government reserved the right to tell the court the good and bad things about Mr. Bush. (Plea Agr. ¶ 9(e)).

6

*C. Ineffective Assistance of Counsel*

Mr. Bush also argues that his counsel was ineffective for not informing him before he signed the plea that his criminal background could be considered during sentencing. To prevail on an ineffective assistance of counsel claim, Mr. Bush must show that his counsel's performance was objectively unreasonable or deficient and that he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). Mr. Bush must point to specific acts or omissions by his counsel that constitute ineffective assistance, and the court must decide whether these acts or omissions were made outside the wide range of professionally competent assistance. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). "Even if counsel's performance was deficient, [Mr. Bush] must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (citation omitted). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Bush] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002) (citations omitted).

Again, the record of the plea hearing proceeding belies Mr. Bush's claim of ineffective assistance of counsel. Mr. Bush was informed that no one could tell exactly how the court would answer the questions to determine the appropriate sentence and that the judge could impose any reasonable sentence within the

7

range authorized by Congress. Even if counsel didn't inform Mr. Bush that the court would consider his criminal background at sentencing, Mr. Bush hasn't shown that but for his counsel's alleged ineffective assistance, he wouldn't have pleaded guilty and instead would have gone to trial. Because Mr. Bush hasn't demonstrated that such alleged ineffective assistance negated the knowing or voluntary nature of his plea or the waiver, he can't succeed on this claim.

Finally, Mr. Bush contends that his counsel was ineffective for not telling him the indictment was deficient because it included two separate offenses in the count charging him with violation of 18 U.S.C. 924(c). Mr. Bush doesn't assert that his counsel's alleged ineffective assistance affected his negotiation of the plea agreement, so he has waived this claim. Even if Mr. Bush hadn't waived this claim, though, the indictment under 18 U.S.C. § 924(c) didn't improperly charge two separate offenses. Count 2 alleged that Mr. Bush "knowingly used during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime . . . [i]n violation fo 18 U.S.C. 924(c) and 2." Although Count 2 charges Mr. Bush with using a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime, the indictment isn't duplicitous.

Charging multiple offenses in a single count renders an indictment duplicitous, but an indictment is not duplicitous if it charges a single offense carried out through many different means. *See* FED R. CRIM P. 7(c)(1) ("A count may allege that . . . the defendant committed [the offense] by one or more specified

8

means."); *see also* United States v. Davis, 471 F.3d 783, 790 (7th Cir. 2006)). "[T]he three ways in which § 924(c) can be committed may be alleged in the conjunctive in one count . . . and proof of any one of them will support [a] conviction." United States v. Haynes, 582 F.3d 686, 704 (7th Cir. 2009); *see also* United States v. Stewart, No. 08 CR 720, 2009 WL 2149603, at *2 (N.D. Ill. July 17, 2009) ("Because § 924(c) sets forth disjunctive theories of liability for a *single offense*, an indictment is not duplicitous if it raises the theories conjunctively in a single count.") (citations omitted). Mr. Bush's counsel therefore wasn't ineffective for not raising this issue before Mr. Bush signed his plea agreement.

Further, Mr. Bush admitted that he traded a gun for drugs. These facts are sufficient to support a conviction under § 924(c). *See* Smith v. United States, 508 U.S. 223 (1993) (holding that a person who trades a firearm for drugs "uses" the firearm during and in relation to a drug trafficking offense under section 924(c)(1)). Mr. Bush's claim otherwise is insufficient to support his habeas petition.

## II. CONCLUSION

Based on the foregoing, Mr. Bush isn't entitled to the relief he seeks. His petition filed pursuant to 28 U.S.C. § 2255 [Doc. No. 80] is SUMMARILY DISMISSED.

SO ORDERED.

ENTERED: November 17, 2009

/s/ Robert L. Miller, Jr.
                                    Chief Judge
                                    United States District Court

cc: K. Bush
    D. Schmid